UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIA LICHTMAN, individually and as Trustee of the Valerie Lichtman Revocable Trust Dated June 12, 2003, and RENE LICHTMAN<br>Plaintiffs,<br>v.<br>CITY OF CARLSBAD,<br>Defendant. | Case No.: 3:26-cv-0852-CAB-MSB<br>**ORDER GRANTING MOTION TO DISMISS**<br>[Doc. No. 4] |

Before the Court is Defendant City of Carlsbad's ("Defendant") motion to dismiss, [Doc. No. 4], Plaintiffs Valeria and Rene Lichtman's ("Plaintiffs") complaint, [Doc. No. 1 ("Complaint")]. The Complaint alleges, *inter alia*, violations under 42 U.S.C. § 1983 and Cal. Civ. Code § 52.1. The Court finds the motion suitable for submission on the papers and without oral argument. *See* CivLR 7.1(d)(1). The Court **GRANTS** the motion to dismiss as detailed below.

///

///

## I. BACKGROUND

Plaintiffs, residents of the property located at 939 Begonia Court in Carlsbad, California (the "Property"), built an unpermitted retaining wall in 2015. [Complaint at ¶¶ 1, 2, 11.] Defendant is a governmental entity located in San Diego County. [*Id.* at ¶ 3.] On February 10, 2019, Defendant sent Plaintiffs a Notice of Violation stating that grading permits were required for the hillside upon which the retaining wall was built. [*See id.* at ¶ 13.] On March 29, 2019, after Plaintiffs responded to the Notice, Defendant set forth two options for Plaintiffs to pursue. [*See id.* at ¶ 14.] Plaintiffs failed to pursue either of the City's remedial options. [*Id.* at ¶¶ 15–16.] On June 9, 2019, Defendant sent a Final Notice regarding the hillside grading permit. [*Id.* at ¶ 16.]

Following the Final Notice, Plaintiffs began taking action to obtain a variance to keep the wall. [*See* Complaint at ¶¶ 18–26.] On December 16, 2020, the Planning Commission held a hearing regarding Plaintiffs' permit applications. [*Id.* at ¶ 30.] The Planning Commission recommended the applications be denied. [*Id.*] On March 16, 2021, the Carlsbad City Council upheld the Planning Commission's denial of Plaintiffs' permit application. [*Id.* at ¶ 31.] Plaintiffs allege that they were denied an opportunity to be heard on the merits of their retrofitting plan during the City Council meeting. [*Id.* at ¶ 39.] Defendant sent several administrative citations for the unpermitted wall from June 2021 through November 2021. [*Id.* at ¶¶ 42–43.]

Plaintiffs also allege that on June 9, 2020, Defendant issued a Notice of Violation for Plaintiffs' failure to comply with the Transient Occupancy Tax ("TOT") while running a short-term vacation rental business on the Property. [Complaint at ¶ 27.] Also, in August 2020, Defendant issued a violation for Plaintiffs' failure to obtain a Short-Term Vacation Rental ("STVR") permit. [*Id.* at ¶ 28.] On May 25, 2021, Defendant issued Notices of Violation for noise violations. [*Id.* at ¶ 49.]

Defendant initiated an abatement action in state court against Plaintiffs in March 2022. [Doc. No. 4-1 at 2.] Plaintiffs filed a cross-complaint alleging state constitutional due process, equal protection, and takings claims in May 2022. [*Id.*] In February 2023,

the state court granted Defendant's unopposed motion for judgment on the pleadings. [*Id.*] On June 30, 2023, the state court stayed the matter and ordered mediation. [*Id.*] During mediation, the parties agreed that Plaintiffs would submit new grading plans and file a second variance application. [*Id.* at 2, 3; Complaint at ¶ 72.] However, the application was denied again on March 20, 2024, in a Planning Commission hearing. [Complaint at ¶ 75.] In October 2025, the state court denied Plaintiffs leave to file a First Amended Cross-Complaint seeking to add federal equal protection, retaliation, and due process claims. [Doc. No. 4-1 at 3.]

Based on these allegations, Plaintiffs assert a total of five claims: (1) equal protection under 42 U.S.C. § 1983; (2) First Amendment retaliation under 42 U.S.C. § 1983; (3) denial of due process under 42 U.S.C. § 1983 and Cal. Civ. Code § 52.1; (4) qualified immunity does not apply under 42 U.S.C. § 1983 and Cal. Civ. Code § 52.1; and (5) injunctive and declaratory relief. [*See* Complaint at 15–27.] Plaintiffs' requested injunctive and declaratory relief includes "Preliminary and Final Orders enjoining the City of Carlsbad from denying the Lichtmans' Plans and request for variance," and "Preliminary and Final Orders enjoining the prosecution of Carlsbad City Code violation action against the Lichtmans." [*Id.* at 28.]

Defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. [Doc. No. 4 at 2.]

## II. LEGAL STANDARD

"[A]bstention from the exercise of federal jurisdiction is the 'exception, not the rule.'" *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 82 (2013). "*Younger v. Harris* [ ] and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). "*Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal

challenges." *Roshan v. McCauley*, 130 F.4th 780, 782 (9th Cir. 2025), *cert. denied*, 146 S. Ct. 1666, 224 L. Ed. 2d 9 (2026), *reh'g denied*, No. 25-683, 2026 WL 1780081 (U.S. June 22, 2026). "If these 'threshold elements' are met, [the court must] then consider [(5)] whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (citing *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc)).

"In addressing *Younger* abstention issues, district courts must exercise jurisdiction except when specific legal standards are met, and may not exercise jurisdiction when those standards are met; there is no discretion vested in the district courts to do otherwise." *Vasquez v. Rackauckas*, 734 F.3d 1025, 1035 (9th Cir. 2013) (citation omitted). Thus, "[w]here *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* abstention requires *dismissal* of the federal action." *Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th Cir. 1988) (emphasis in original).

## III. DISCUSSION

### A. *Younger* Abstention Is Appropriate

Defendant seeks dismissal under the *Younger* abstention doctrine in light of ongoing state court proceedings. The parties do not dispute two of the five factors required for *Younger* abstention: (1) that the proceeding is ongoing; and (2) that the state proceeding implicates an important state interest. Because the remaining three *Younger* factors are met, and Plaintiffs have not argued that any exception applies, the Court **GRANTS** the motion to dismiss.

#### i. The Nuisance Abatement Action Is a Quasi-Criminal Civil Enforcement Action

A nuisance abatement action is a quasi-criminal civil enforcement action. *Citizens for Free Speech, LLC v. Cnty. of Alameda*, 953 F.3d 655, 657 (9th Cir. 2020). The Ninth

Circuit has expressly held that "[n]uisance abatement proceedings fall into this category." *Id*.

Plaintiffs fail to demonstrate that the nuisance abatement proceeding is not a qualifying quasi-criminal civil enforcement action. Plaintiffs argue their case is analogous to *Blackwater Lodge & Training Ctr., Inc. v. Broughton*, where a district court held that *Younger* abstention did not apply because "[d]efendants fail[ed] to demonstrate that the pending application [wa]s the subject of *ongoing* 'quasi-judicial' and/or 'quasi-criminal' state proceedings . . . [.]" No. 08-cv-0926 H (WMC), 2008 WL 11508633, at *7 (S.D. Cal. Aug. 11, 2008) (emphasis added). However, Plaintiffs acknowledge that "there are ongoing state proceedings here[.]" [Doc. No. 5 at 3.] *Blackwater Lodge* is therefore distinguishable because it did not involve ongoing state judicial proceedings. *See Blackwater Lodge*, 2008 WL 11508633, at *7.

Plaintiffs argue that the ongoing state proceedings are not "quasi-criminal" in nature. [Doc. No. 5 at 3.] The Supreme Court clarified that a qualifying quasi-criminal civil enforcement action is "akin to a criminal prosecution in important respects" when it: (1) is "initiated to sanction the federal plaintiff," (2) it involves a state actor as a routine party who often initiates the action, and (3) it is typically preceded by investigations "often culminating in the filing of a formal complaint or charges." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79–80 (2013) (internal quotations omitted). Defendant initiated the state action to sanction Plaintiffs for the unpermitted wall. [*See generally* Complaint; Doc. No. 1-5.] Additionally, Defendant is a state actor and routine party who often initiates such actions. [Complaint at ¶ 3.] Finally, the action was preceded by notices of violations, administrative citations, and notices of intent to abate. [*See* Complaint at 2–10.] The Court finds that, under both Ninth Circuit precedent in *Citizens for Free Speech, LLC* and the Supreme Court test in *Sprint Commc'ns, Inc.*, the nuisance abatement action is a qualifying quasi-criminal civil enforcement action.

///

///

**ii. The State Proceedings Allowed Litigants an Adequate Opportunity to Raise Federal Issues**

Under the *Younger* abstention doctrine, an "adequate opportunity" to raise federal issues means that the state proceedings must not contain a procedural bar to the presentation of federal constitutional claims. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). The Ninth Circuit has confirmed that the adequate opportunity prong is an inquiry into only whether the opportunity to present federal constitutional claims existed, not whether the plaintiff actually utilized it or whether the issues were litigated. *Commc'ns Telesystems Int'l v. California Pub. Util. Comm'n*, 196 F.3d 1011, 1019–20 (9th Cir. 1999). In *Commc'ns Telesystems Int'l*, a telecommunications company "d[id] not dispute that it could have presented its federal claims [in state court]," but claimed they did not raise the federal issues because the state court's practice was to summarily deny petitions for review of the state's public utility commission. *Id.* at 1018. The Ninth Circuit held that "*Younger* requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Id.* at 1020. The Ninth Circuit clarified that "federal issues need not, of course, have been actually litigated in the state proceedings" to satisfy this prong. *Id.* at 1019. The plaintiff bears the burden of showing "that *state procedural law* barred presentation of [its] claims." *Id.* at 1020 (emphasis added) (alteration in original).

Plaintiffs fail to demonstrate a lack of adequate opportunity to raise their federal constitutional claims. Plaintiffs state they submitted their federal claims to the San Diego Superior Court twice, but they contend that the resulting rejection indicates they did not have an adequate opportunity to raise their federal claims. [Doc. No. 5 at 4.] The Ninth Circuit precedent is clear that the only relevant inquiry is whether the opportunity existed, not whether the issues were litigated. *Commc'ns Telesystems Int'l*, 196 F.3d at 1019–20. Furthermore, Plaintiffs do not make any showing that any *state procedural law* barred presentation of their federal claims. [*See generally* Doc. No. 5.] Therefore, Plaintiffs have

not met their burden of demonstrating a lack of adequate opportunity to raise their federal constitutional claims in state court, satisfying the fourth *Younger* abstention factor.

**iii. The Federal Action Would Enjoin the State Proceedings, and Plaintiffs Have Not Established an Exception**

Because the Court has found the threshold elements of *Younger* abstention are met, the Court considers whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies. *See ReadyLink Healthcare, Inc.*, 754 F.3d at 759. In their Complaint, Plaintiffs expressly seek "Preliminary and Final Orders enjoining the City of Carlsbad from denying the Lichtmans' Plans and request for variance," and "Preliminary and Final Orders enjoining the prosecution of Carlsbad City Code violation action against the Lichtmans." [Complaint at 28.] The Ninth Circuit held that where plaintiffs expressly requested "permanent injunctive relief barring the [d]efendants from continuing all current investigations and prosecutions," the federal action would have the practical effect of enjoining the state proceedings. *Stockton v. Brown*, 152 F.4th 1124, 1138 (9th Cir. 2025), *cert. denied*, 224 L. Ed. 2d 693 (May 4, 2026). Therefore, the Court finds that the federal action would have the practical effect of enjoining the state proceedings.

Plaintiffs state that "[t]hree exceptions to *Younger* abstention exist[,]" but do not argue that any of the three exceptions apply to their case. [Doc. No. 5 at 2.] "It is not the role of the Court to make parties' arguments for them." *Cordon v. Wachovia Mortg., a Div. of Wells Fargo Bank, N.A.*, 776 F. Supp. 2d 1029, 1040 (N.D. Cal. 2011) (citation omitted); *see W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012) ("[The court] will not do [a party's] work for it, either by manufacturing its legal arguments, or by combing the record on its behalf for factual support."). Thus, the Court does not apply any exceptions to the *Younger* abstention doctrine here.

///

///

///

## IV. CONCLUSION

The Court finds that the requirements for *Younger* abstention are present. For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**. *See Juidice v. Vail*, 430 U.S. 327, 348 (1977) (if district court finds *Younger* abstention warranted, it must dismiss action).

It is **SO ORDERED**.

Dated: October 26, 2026

Hon. Cathy Ann Bencivengo
United States District Judge